# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

|  |  |
|---|---|
| MACIEL BUILDERS LLC,<br><br>        Plaintiff,<br><br>        v.<br><br>US FRAMING INTERNATIONAL LLC, et al.,<br><br>        Defendants. | Case No. 19-cv-03660-BLF<br><br>**ORDER GRANTING MOTION TO SET ASIDE DEFAULT**<br><br>[Re: ECF 41] |

Before the Court is Defendants Ivan Villalva and Nicholas Rivera's motion to set aside the Clerk's entries of defaults. ECF 41. The matter is fully briefed and suitable for decision without oral argument. As set out below, the Court GRANTS Defendants' motion and sets aside their respective defaults.

## I. BACKGROUND

On June 24, 2019, Plaintiff Maciel Builders LLC filed the Complaint in this action, naming eight Defendants: US Framing International LLC; US Framing West Inc.; Thomas G. English; Ryan Therrien; Joe Garcia; Matthew Phillips; Nicholas Rivera (a/k/a/ Nicholas Rivera Pulida); and Ivan Villalva. ECF 1 ("Compl."). Relevant here, and pursuant to Federal Rule of Civil Procedure 4, Plaintiff served Defendants Rivera and Villalva on August 15, 2019 and August 16, 2019, respectively. *See* ECF 25, 26. On October 8, 2019, Plaintiff filed Requests for Entry of Default by the Clerk as to Defendants Rivera and Villalva. ECF 31, 32. The Clerk granted those requests and entered default on October 9, 2019, pursuant to Federal Rule of Civil Procedure 55(a). ECF 34, 35.

The very next day, counsel of record for Defendants US Framing International LLC, US Framing West Inc., and English entered their appearances for Defendants Rivera and Villalva.

1  ECF 36.  In the Notice of Appearance, counsel represented that "Defendants Rivera and Villalva

2  are currently in default, and counsel will promptly file a Motion to Set Aside Entry of Default on

3  behalf of these two defendants, as counsel for Plaintiff has refused to stipulate."  *Id.*  Defendants

4  Rivera and Villalva (the "Moving Defendants") then filed their Motion to Set Aside Entry of

5  Default on November 13, 2019, ECF 41 ("Mot."), which Plaintiff opposes, ECF 43 ("Opp.").  The

6  Motion to Set Aside Entry of Default is now before the Court.

7  The Court notes that there are two other motions pending in this case: (1) Defendants US

8  Framing International LLC, US Framing West Inc., and English's Motion to Dismiss under

9  Federal Rule of Civil Procedure 12(b)(6), ECF 13, and (2) Defendants Rivera and Villalva's

10  motion to join in that Motion to Dismiss, ECF 42.

## II.   LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of default for good cause."  In the Ninth Circuit, good cause is established when the defendant demonstrates that (1) the default was not the result of culpable conduct, (2) the defendant has a meritorious defense, and (3) setting aside the default would not result in prejudice to the plaintiff.  *See TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001), *as amended on denial of reh'g and reh'g en banc* (May 9, 2001).  Technically, this test "is disjunctive, such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default."  *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010).  "Crucially, however, judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits."  *Id.* (internal quotation marks and citation omitted).

Moreover, although the same test governs motions to set aside entry of default—such as the Court confronts here—and motions for relief from final default judgment under Federal Rule of Civil Procedure 60, the test is "more liberally applied in the Rule 55(c) context."  *Id.* at 1091 n.1; *see also Brady v. United States*, 211 F.3d 499, 504 (9th Cir. 2000) (noting that a "district court's discretion is especially broad when, as in this case, it is entry of default that is being set aside, rather than a default judgment").  That is because, in the former case, "there is no interest in

the finality of the judgment with which to contend." *Mesle*, 615 F.3d at 1091 n.1.

## III. DISCUSSION

Defendants Rivera and Villalva move to set aside the Clerk's entries of default as to them under Federal Rule of Civil Procedure 55(c). At the outset, the Court notes that there is no dispute that the Clerk properly entered the defaults, *see* ECF 47 ("Reply") at 2, but that default judgment has not yet been requested. Applying the three-prong test described above, the Court finds there is good cause for setting aside the defaults and therefore GRANTS the motion.

### A. Culpable Conduct

The first factor the Court considers is "culpable conduct": "If a defendant's conduct was not 'culpable,' then her failure to respond to a lawsuit is ordinarily 'excusable.'" *TCI Group*, 244 F.3d at 696-97.

The "usual articulation" of the "culpable conduct" standard is that "a defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." *TCI Group*, 244 F.3d at 697. However, the word "intentional," used in this context, does not simply mean "an act or omission taken by an actor knowing what the likely consequence will be." *Id*. "[R]ather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process." *Mesle*, 615 F.3d at 1092 (internal quotation marks and citation omitted). Hence, "culpable conduct" does not encompass every "litigant who receives a pleading, reads and understands it, and takes no steps to meet the deadline for filing a responsive pleading." *TCI Group*, 244 F.3d at 697; *see also Mesle*, 615 F.3d at 1092 ("[I]t is clear that simple carelessness is not sufficient to treat a negligent failure to reply as inexcusable, at least without a demonstration that other equitable factors, such as prejudice, weigh heavily in favor of denial of the motion to set aside a default.") (citing *Pioneer Investment Services Co. v. Brunswick Associates Ltd.*, 507 U.S. 380, 388, 394–95 (1993)).

There has been no culpable conduct here. Defendant Rivera attests that he does not recall being served on August 15, 2019. ECF 41-2 ("Rivera Decl.") ¶ 2. He says that he did not learn about the Complaint until October 2, 2019, when he was contacted by Richard Harris, counsel for

3

Defendants US Framing International LLC, US Framing West Inc., and English. *Id.* Mr. Harris now represents Defendant Rivera in the instant action. *Id.* ¶ 3.

Defendant Villalva acknowledges that he "received documents related to this case in August 2019 while [he] was working . . . on the jobsite in San Jose, CA . . . for US Framing." ECF 41-1 ("Villalva Decl.") ¶ 2. He states that he then "contacted Matt Phillips, a vice president of US Framing,"[1] who allegedly told him that "that the lawsuit was being taken care of and [he] did not have to worry about it." *Id.* Defendant Villalva apparently believed he did not need to take further action, and so "did nothing about the documents" he had received. *Id.* ¶ 3. It was not until October 11, 2019—when Mr. Harris contacted Defendant Villalva—that Defendant Villalva learned he "was being sued as well and needed to appear[] in this case." *Id.* Like Defendant Rivera, Defendant Villalva has also retained Mr. Harris as his attorney. *Id.* ¶ 4.

The Court agrees with the Moving Defendants that their explanations amount to "simple carelessness" and not evidence of "bad faith." Although Plaintiff resists this conclusion, its arguments are inapposite. Plaintiff says Defendant Rivera's statement that he does not recall being served is "disingenuous and not at all credible." Opp. at 7. Plaintiff cites the testimony of the process server, who attests that Defendant Rivera was served in person at the Extended Stay America in San Jose, CA, and that Defendant Rivera told her "he wanted nothing to do with this matter." ECF 43-1 ¶¶ 3-4, 7. But Defendant Rivera does not deny having been served; he simply states that he did not recall being served. As for Defendant Villalva, Plaintiff similarly argues that "it is simply disingenuous for Moving Defendant Villalva to do nothing for almost three months after he was duly served in hand." Opp. at 8. At most, then, Plaintiff has alleged that the Moving Defendants were both aware of the lawsuit and their being named as defendants, yet failed to act. As just explained, the Ninth Circuit has made clear that mere delay—without more—is not "culpable conduct."

Plaintiff's Opposition also suggests that this Motion to Set Aside Default was made "at the behest" of US Framing International, LLC, US Framing West, Inc., and Thomas G. English for the

---

[1] It is not clear which US Framing entity—US Framing International LLC or US Framing West Inc.—but that ambiguity does not affect the Court's resolution of the instant motion.

4

purpose of "hav[ing] control over the Moving Defendants and their information, stories, and documents." Opp. at 5, 8. First of all, the Court notes that Plaintiff's allegation is purely speculative; Plaintiff cites no evidence to support its inference that US Framing International, LLC, US Framing West, Inc., and Thomas G. English have manipulated the Moving Defendants into filing the instant motion. After all, it is entirely within the Moving Defendants' own interests to avoid default judgment. More to the point, the issue at hand is whether the Moving Defendants' *delay* is attributable to bad faith, not whether their participation in the case may benefit other defendants. As to the delay, the Court sees no "intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process." *Mesle*, 615 F.3d at 1092. As the Ninth Circuit found in *Mesle*, the only outcome the Moving Defendants' delay earned them was a default and a heightened possibility of legal liability. *Id.* at 1093.

Accordingly, the Court finds the Moving Defendants' failure to timely respond to the Complaint is not "culpable conduct."

### B. Meritorious Defense

The Court next turns to whether the Moving Defendants have a meritorious defense. This factor recognizes that if a defendant has no meritorious defense, "then nothing but pointless delay can result" from setting aside the default. *TCI Group*, 244 F.3d at 697. Defendants have a "minimal" burden in establishing a meritorious defense. *Mesle*, 615 F.3d at 1094. The movant "need only demonstrate facts or law showing the trial court that 'a sufficient defense is assertible.'" *TCI Group*, 244 F.3d at 700 (quoting *In re Stone*, 588 F.2d 1316, 1319 n. 2 (10th Cir. 1978)). The truth of those factual allegations is not at issue; the Court assumes their truth at this stage. *Mesle*, 615 F.3d at 1094.

The Court finds that the Moving Defendants have a meritorious defense: They have joined the Rule 12(b)(6) Motion to Dismiss filed by Defendants US Framing International, LLC, US Framing West, Inc., and English, which seeks dismissal of the entire Complaint. *See* ECF 42. Without deciding the merits of that motion, the Court believes it articulates a sufficiently colorable defense for the purpose of this motion to set aside default. Besides, there is no additional delay that results from permitting the Moving Defendants to join a dispositive motion that has been fully

briefed. Plaintiff, for its part, does not argue otherwise. The meritorious defense prong is therefore satisfied.

### C. Prejudice

The third and final factor is prejudice. "To be prejudicial, the setting aside of the judgment must result in greater harm than simply delaying resolution of the case." *TCI Group*, 244 F.3d at 701. "The ordinary cost of litigating is simply not cognizable" as prejudice. *Id.* Rather, "the standard is whether plaintiff's ability to pursue his claim will be hindered," such as by "loss of evidence" or "increased difficulties of discovery." *Id.*

Plaintiff's Opposition does little to address the prejudice prong. As described above, Plaintiff merely alludes to the possibility that the Moving Defendants "information, stores, and documents" will be "contoured, hidden, re-framed, and/or subject to privilege or attorney work product by" Defendants US Framing International, LLC, US Framing West, Inc., and Thomas G. English." Opp. at 8. But again, this allegation is both unfounded and unspecific, and therefore insufficient to establish prejudice stemming from setting aside the default. *See J & J Sports Prods., Inc. v. Huong Thi Thuy Ngo*, No. 12-CV-02267-LHK, 2012 WL 5270203, at *3 (N.D. Cal. Oct. 24, 2012) (Plaintiff's "conclusory statement" that "there will be increased difficulties in discovery" was not a sufficient claim of prejudice).

## IV. ORDER

For the foregoing reasons, the Court finds that (1) the default was not the result of culpable conduct, (2) the Moving Defendants have a meritorious defense, and (3) setting aside the default would not result in prejudice to Plaintiff. Accordingly, the Motion to Set Aside Default is hereby GRANTED. The Clerk shall set aside the entries of default as to Defendant Ivan Villalva and Nicholas Rivera.

**IT IS SO ORDERED.**

Dated: February 4, 2020

/s/ Beth Labson Freeman

BETH LABSON FREEMAN
United States District Judge