UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MACIEL BUILDERS LLC, an Arizona limited liability company,<br><br>    Plaintiff,<br><br>v.<br><br>US FRAMING INTERNATIONAL LLC, a Florida limited liability company, et al.,<br><br>    Defendants.<br>─────────────────────<br>US FRAMING WEST, INC., a Nevada corporation,<br><br>    Counterclaimant,<br><br>v.<br><br>MACIEL BUILDERS LLC, an Arizona limited liability company,<br><br>    Counterdefendant.<br>─────────────────────<br>US FRAMING WEST, INC., a Nevada corporation,<br><br>    Third-Party Plaintiff,<br><br>v.<br><br>JOSE MACIEL, and individual,<br><br>    Third-Party Defendant. | Case No. 19-cv-03660-BLF<br><br>**ORDER TERMINATING AS MOOT JOSE MACIEL'S MOTION TO DISMISS THIRD PARTY COMPLAINT AND VACATING HEARING ON MOTION; AND DIRECTING DEFENDANTS TO FILE A STIPULATION AND PROPOSED ORDER FOR DISMISSAL OF CASE, OR A FURTHER STATUS REPORT, ON OR BEFORE AUGUST 26, 2020**<br><br>[Re: ECF 91, 95] |

1      This order addresses (1) third-party defendant Jose Maciel's motion to dismiss the third-
2 party complaint; and (2) the status of the action with respect to the remaining parties. For the
3 reasons discussed below, Jose Maciel's motion to dismiss is TERMINATED AS MOOT and the
4 hearing on the motion, currently set for October 22, 2020, is VACATED. With respect to the
5 remaining parties, Defendants SHALL file a stipulation and proposed order for dismissal of the
6 case, or further status report, on or before August 26, 2020.

**I.   BACKGROUND**

This action arises from a dispute over carpentry work performed by Plaintiff Maciel Builders, LLC ("Maciel Builders") on a construction project known as Ohlone Block B in San Jose, California. Maciel Builders claims that it was not paid for work it performed on the project. In June 2019, Maciel Builders filed this lawsuit against the following entities and individuals, asserting a claim for breach of contract, related state law claims, and a federal civil RICO claim: US Framing International, LLC ("US Framing International"); US Framing West, Inc. ("US Framing West"); Thomas G. English ("English"); Nicholas Rivera ("Rivera"); Ivan Villalva ("Villalva"); Joe Garcia ("Garcia"), Matthew Phillips ("Phillips"), and Ryan Therrien ("Therrien"). *See* Compl., ECF 1.

US Framing International, US Framing West, English, Rivera, and Villalva (collectively, "Defendants") answered the complaint on February 28, 2020. *See* Answer, ECF 65. On the same date, US Framing West filed a counterclaim against Maciel Builders and a third-party complaint against the principal of Maciel Builders, Jose Maciel. *See* Counterclaim, ECF 66; Third-Party Compl., ECF 67.

The other three defendants – Garcia, Phillips, and Therrien – were dismissed without prejudice for failure to effect service of process. *See* Order Dismissing Unserved Defendants, ECF 59.

On April 1, 2020, Maciel Builders filed a "Responsive Pleading" to the counterclaim asserted against it by US Framing West, stating that Maciel Builders had filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the District of Arizona. *See* Responsive Pleading, ECF 80. On April 6, 2020, this Court issued an order staying the present

case in its entirety for ninety days, through July 6, 2020. *See* Order Staying Case, ECF 83. The Court noted that Maciel Builders' claims against Defendants are the property of the bankruptcy estate and may be pursued only by the Chapter 7 Trustee, and that US Framing West's counterclaim against Maciel Builders is subject to the automatic bankruptcy stay. *See id.* The Court directed Defendants to file a status report upon expiration of the ninety-day stay, sharing any information Defendants obtained as to whether the Trustee of Maciel Builder's bankruptcy estate would be filing an appearance in this case. *See id.*

In violation of the ninety-day stay, Jose Maciel filed a motion to dismiss US Framing West's third-party complaint on June 9, 2020. *See* First Motion to Dismiss, ECF 86. The Court struck the motion to dismiss without prejudice to refiling after the stay was lifted. *See* Order Striking Motion to Dismiss, ECF 87.

Defendants filed a status report on July 7, 2020, advising that US Framing International, US Framing West, and English had entered into a settlement agreement with the Chapter 7 Trustee that, if approved by the Bankruptcy Court, would resolve all of Maciel Builders' remaining claims against all Defendants. *See* Status Report, ECF 88.

On July 9, 2020, US Framing West filed a voluntary dismissal of its third-party complaint against Jose Maciel, without prejudice. *See* Notice of Voluntary Dismissal, ECF 89. On July 10, 2020, Jose Maciel filed a document titled "Rejection of Notice of Voluntary Dismissal from Third Party Plaintiff," asserting that the dismissal was ineffective. *See* Rejection, ECF 90. On the same date, Jose Maciel also filed a motion to dismiss the third-party complaint. *See* Second Motion to Dismiss, ECF 91.

On August 10, 2020, Defendants filed a status report informing the Court that the Bankruptcy Court has approved the settlement agreement between the Chapter 7 Trustee of Maciel Builder's estate and US Framing International, US Framing West, and English. *See* Status Report, ECF 95. The Bankruptcy Court's order approving the settlement agreement is attached to the status report. *See id.* Defendants represent that the settlement agreement resolves all of Maciel Builders' remaining claims against all Defendants. *See id.* The status report and attached order of the Bankruptcy Court do not make specific reference to Maciel Builders' claims against Rivera

1    and Villalva, nor do those documents mention US Framing West's counterclaim against Maciel
2    Builders.

### II.   JOSE MACIEL'S MOTION TO DISMISS THIRD-PARTY COMPLAINT

The third-party complaint filed against Jose Maciel by US Framing West asserts two claims, both grounded in the theory that Jose Maciel is the alter ego of Maciel Builders. *See* Third-Party Compl. ¶ 4, ECF 67.  In Claim 1, brought under California Business and Professions Code § 7031(b), US Framing West asserts that:  it paid Maciel Builders more than $1,273,091.13 for work Maciel Builders performed on the project; Maciel Builders is legally required to disgorge those monies because Maciel Builders did not possess a valid California contractor's license; and "[a]s the alter ego of Maciel Builders, Jose Maciel is jointly and severally liable to repay all monies paid to Maciel Builders by U.S. Framing West for work Maciel Builders performed on the Project."  Third-Party Compl. ¶¶ 10-13.  In Claim 2, for breach of contract, US Framing West asserts that Maciel Builders breached the Sub-subcontract Agreement it entered into with US Framing West, and that "[a]s the alter ego of Maciel Builders, Jose Maciel is jointly and severally liable for the damages incurred by U.S. Framing West for Maciel Builders' breaches of the Sub-subcontract Agreement.  Third-Party Compl. ¶¶ 15-19.

As discussed above, US Framing West filed a voluntary dismissal of its third-party complaint against Jose Maciel, without prejudice, on July 9, 2020.  *See* Notice of Voluntary Dismissal, ECF 89.  Jose Maciel filed a "rejection" of that voluntary dismissal and a motion to dismiss the third-party complaint under Federal Rules of Civil Procedure 12(b)(6), 12(b)(1), and 12(b)(2).  *See* Rejection, ECF 90; Second Motion to Dismiss, ECF 91.  In opposition, US Framing West asserts that:  its voluntary dismissal of the third-party complaint complied with Federal Rule of Civil Procedure 41; the third-party complaint was terminated on the date the voluntary dismissal was filed; and Jose Maciel's "rejection" and Rule 12 motion therefore are without legal effect.  *See* Opp., ECF 93.  In reply, Jose Maciel argues that the settlement agreement between the Chapter 7 Trustee and Defendants required US Framing West to dismiss the third-party complaint against him *with* prejudice, but US Framing West instead voluntarily dismissed the third-party complaint *without* prejudice.  *See* Reply, ECF 94.  Jose Maciel asks the Court to dismiss the third-

4

1    party complaint with prejudice, and to order US Framing West to pay all of his attorneys' fees.
2    *See id.* at 6.

3    After reviewing the record and relevant legal authorities, the Court concludes that US
4    Framing West's voluntary dismissal of the third-party complaint, without prejudice, complied with
5    Federal Rule of Civil 41 and therefore terminated the third-party complaint as of July 9, 2020.
6    Jose Maciel's motion to dismiss therefore will be terminated as moot.

7    Federal Rule of Civil Procedure 41 provides in relevant part that, subject to exceptions not
8    relevant here, "the plaintiff may dismiss an action without a court order by filing . . . a notice of
9    dismissal before the opposing party serves either an answer or a motion for summary judgment."
10   Fed. R. Civ. P. 41(a)(1)(A)(i). "This rule applies to a dismissal of any counterclaim, crossclaim,
11   or third-party claim." Fed. R. Civ. P. 41(c). A third-party plaintiff's voluntary dismissal must be
12   made: "(1) before a responsive pleading is served; or (2) if there is no responsive pleading, before
13   evidence is introduced at a hearing or trial." *See id.*

14   At the time US Framing West voluntarily dismissed its third-party complaint, Jose Maciel
15   had not served "an answer or a motion for summary judgment" as specified in Rule 41(a)(1)(A)(i),
16   or "a responsive pleading" as specified in Rule 41(c). The voluntary dismissal therefore
17   terminated the third-party complaint. *See Miller v. Reddin*, 422 F.2d 1264, 1266 (9th Cir. 1970)
18   ("A voluntary dismissal by a plaintiff under Rule 41(a)(1) Fed. R. Civ. P., automatically
19   terminates the action upon the filing of the dismissal with the clerk. No order of court is
20   required."). The Court notes that this result would be the same even if the Court had not struck
21   Jose Maciel's first motion to dismiss, as a motion to dismiss is not a responsive pleading. *See*
22   *CRST Van Expedited, Inc. v. Werner Enterprises, Inc.*, 479 F.3d 1099, 1104 n.3 (9th Cir. 2007)
23   ("A Rule 12(b)(6) motion to dismiss is not such a responsive pleading."); *Morrison v. Mahoney*,
24   399 F.3d 1042, 1046 (9th Cir. 2005) ("A motion to dismiss is not a pleading.").

25   Jose Maciel does not contend that he filed a responsive pleading that would preclude US
26   Framing West's voluntary dismissal of the third-party complaint under Rules 41(a)(1)(A)(i) and
27   (c). Instead, he argues that US Framing West's right to voluntarily dismiss the third-party
28   complaint without prejudice is circumscribed by the settlement agreement entered into between

5

the Chapter 7 Trustee of Maciel Builders' bankruptcy estate and Defendants. Jose Maciel argues that because that settlement agreement provides for dismissal of Maciel Builder's claims against Defendants in the main action with prejudice, US Framing West's third-party complaint also must be dismissed with prejudice. As an initial matter, it does not appear that Jose Maciel is a party to the settlement agreement, and the Bankruptcy Court's order approving the settlement agreement does not refer to Jose Maciel or the third-party complaint against him. *See* Status Report, ECF 95. Even if the settlement agreement could be read to apply to Jose Maciel, however, the proper mechanism for enforcement would be a separate lawsuit for breach of the settlement agreement. Jose Maciel has not cited, and this Court has not discovered, any authority suggesting that such an agreement constrains a party's right to dismiss its complaint pursuant to Rules 41(a)(1)(A)(i) and (c).

Jose Maciel argues that the Court may take the settlement agreement into account when considering dismissal of the third-party complaint under Rule 41(a)(2). That rule provides that when voluntary dismissal under Rule 41(a)(1) is not appropriate, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Jose Maciel's reliance on Rule 41(a)(2) is misplaced because, as discussed above, US Framing West's dismissal of the third-party complaint was proper under Rules 41(a)(1) and (c), and terminated the third-party complaint on July 9, 2020. *See* Notice of Voluntary Dismissal, ECF 89.

Because US Framing West's voluntary dismissal terminated the third-party complaint, Jose Maciel's motion to dismiss the third-party complaint is TERMINATED AS MOOT. The hearing on the motion, currently set for October 22, 2020, is VACATED.

**III.   STATUS OF ACTION AS TO REMAINING PARTIES**

With respect to the remaining parties, the Court has before it Maciel Builders' complaint against Defendants US Framing International, US Framing West, English, Rivera, and Villalva, and US Framing West's counterclaim against Maciel Builders. Defendants' status report filed August 10, 2020 advises that "Defendants US Framing International, US Framing West and Thomas G. English entered into a settlement agreement with Dina Anderson, Bankruptcy Trustee

1    for Plaintiff Maciel Buildings [*sic*] to settle and resolve Maciel Builders' remaining claims against
2    all defendants in the above referenced action, Case No. 5:19-cv-03660-BLF." Status Report, ECF
3    95.  Defendants also advise that the Bankruptcy Court has approved the settlement agreement, and
4    they submit a copy of the Bankruptcy Court's order.  *See id.*  The Court notes that neither the
5    status report nor the Bankruptcy Court's order specifically refers to Maciel Builders' claims
6    against Defendants Rivera and Villalva, or US Framing West's counterclaim against Maciel
7    Builders.  It appears that Defendants nonetheless believe that all remaining claims in the case have
8    been resolved.

9        Because Maciel Builders' claims against Defendants are the property of the bankruptcy
10   estate and may be pursued only by the Chapter 7 Trustee, this Court cannot dismiss Maciel
11   Builders' claims without the consent of the Trustee.  Because US Framing West's counterclaim
12   against Maciel Builders is subject to the automatic bankruptcy stay, this Court cannot dismiss the
13   counterclaim absent approval of the Bankruptcy Court.

14       Defendants SHALL file a stipulation and proposed order dismissing all remaining claims
15   and the counterclaim in this case, signed by the Chapter 7 Trustee and all Defendants or their
16   representatives, on or before August 26, 2020.  The stipulation and proposed order shall state
17   expressly that the Trustee approves the dismissal of Maciel Builder's claims against all
18   Defendants, including Rivera and Villalva, and that the Bankruptcy Court approves the dismissal
19   of US Framing West's counterclaim against Maciel Builders.  Alternatively, Defendants SHALL
20   file a further status report on or before August 26, 2020 regarding the status of the remaining
21   claims and counterclaim in this case.

22   **IV.  ORDER**

23       (1)  Third-party defendant Jose Maciel's motion to dismiss the third-party complaint is
24            TERMINATED AS MOOT and the hearing on the motion is VACATED;
25       (2)  Defendants SHALL file a stipulation and proposed order dismissing all remaining
26            claims and the counterclaim in this case, signed by the Chapter 7 Trustee and all
27            Defendants or their representatives, on or before August 26, 2020.  The stipulation
28            and proposed order shall state expressly that the Trustee approves the dismissal of

7

Maciel Builder's claims against all Defendants, including Rivera and Villalva, and that the Bankruptcy Court approves the dismissal of US Framing West's counterclaim against Maciel Builders.

(3) Alternatively, in lieu of the stipulation and proposed order described above, Defendants SHALL file a further status report on or before August 26, 2020 regarding the status of the remaining claims and counterclaim in this case.

(4) This order terminates ECF 91.

Dated: August 17, 2020

_____
BETH LABSON FREEMAN
United States District Judge